# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**BRANDY D. WEST,**                          CASE NO. 3:24 CV 1209

    Plaintiff,

    v.                                              JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                       **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Brandy D. West seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Carmen E. Henderson for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Henderson recommends this Court affirm the Commissioner's final decision. (Doc. 11). Plaintiff filed objections to the R&R (Doc. 12), and the Commissioner filed a response thereto (Doc. 13). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in June 2022, alleging a disability onset date of June 1, 2022. *See* Tr. 34; 279-88. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on October 3, 2023, finding Plaintiff not disabled. *Id.* 34-49. This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single argument regarding the ALJ's decision. She asserted the ALJ's residual functional capacity ("RFC") finding was not supported by substantial evidence because

the ALJ failed to evaluate Certified Nurse Practitioner Kelley Wheatley's opinions pursuant to 20 C.F.R. § 1520c. *See* Doc. 8.

In her R&R, Judge Henderson concluded the ALJ adequately considered the required factors of consistency and supportability in evaluating Wheatley's opinions. (Doc. 11, at 9-23). She recommends the Court affirm the Commissioner's decision. *See id.*

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

# DISCUSSION[1]

Plaintiff raises a single objection to the R&R, asserting that contrary to the Magistrate Judge's conclusion, the ALJ failed to properly evaluate Wheatley's opinions in accordance with 20 C.F.R. § 404.1520c. Specifically, she contends that the ALJ did not address the consistency factor and failed to "connect the dots and create a logical bridge" between any evidence purportedly inconsistent with Wheatley's opinion. (Doc. 12, at 5).

Upon *de novo* review, the Court disagrees with Plaintiff's contention. For the reasons thoroughly and comprehensively explained in the Magistrate Judge's R&R, the Court finds the ALJ complied with 20 C.F.R. § 404.1520c's requirements, including addressing consistency. She did so by noting – at the end of the paragraph explaining the persuasiveness of Wheatley's opinion – that the less restrictive RFC imposed "is supported by the claimant's treatment history, medication use, and activities of daily living" (Tr. 47), each of which was discussed in detail earlier in the opinion, *see id.* 42-46. Although Plaintiff objects, contending that this is "simply a conclusion from the ALJ that the residual functional capacity is supported by the evidence of record" and "is not even a declaration that Dr. Wheatley's opinions are inconsistent with the record", the Court disagrees. (Doc. 12, at 4). In the same paragraph, the ALJ explained she found Wheatley's restrictions unpersuasive and unsupported, and then – by referencing the ultimate conclusion and her earlier discussion – identifies the evidence she finds more persuasive that supports the lesser, ultimately imposed limitations. (Tr. 47). This is permissible, and the Court agrees with the R&R that combined with the earlier discussion it is adequate to satisfy consideration of the consistency factor. *See Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457

---

1. Neither party objects Judge Henderson's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Henderson.

3

(6th Cir. 2016) ("No doubt, the ALJ did not reproduce the list of these treatment records a second time when she explained why Dr. Bell's opinion was inconsistent with this record. But it suffices that she listed them elsewhere in her opinion.") Indeed, elsewhere in her opinion the ALJ explicitly contrasted Wheatley's opinion with the objective medical testing record:

> The minimal medical evidence reflects objective findings significantly benign in comparison to the claimant's subjective complaints. The assertions that she is unable to remain seated for approximately 6 hours in an 8-hour workday, stand and/or walk for approximately 2 hours in an 8-hour workday, alternate sitting and standing only on scheduled work breaks is not supported by the physical examination, as noted by her treating providers including Dr. Mahajan [at] 10F, Dr. Danner at 6F and 8F, or Ms. Wheatley at 4F. For example, in August 2022, the claimant had an ambulatory EEG, which was negative for 77 hours (6F/13). The claimant had completed an event diary for review, which reported several episodes of seizure and tremors (6F/18). During this test, the claimant reported having an odd event in which she felt funny, was shaking, but she was conscious (6F/13). This event was reportedly similar to her other events (6F/13). However, there were no abnormal EEG findings to correlate the claimant's events (6F/18). The claimant did not have any true loss of consciousness events, and there were no spikes or sharp waves to suggest nidus for seizure (6F/13). There was no epileptiform activity recorded during this period (6F/18). There were no abnormal slowing or seizures record[ed] during this period, though the claimant reported several events which had no abnormal EEG corollate (6F/18).

(Tr. 44).

The Court agrees with the R&R's analysis and conclusion that the opinion, read "as a whole and with common sense", *Buckhannon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678–79 (7th Cir. 2010), makes clear that the ALJ found Wheatley's extremely stringent limitations inconsistent with other evidence of record supporting lesser limitations.

4

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Henderson's R&R (Doc. 11) is ADOPTED in full as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2025